# Court of Appeals
# of the State of Georgia

ATLANTA, February 07, 2018

*The Court of Appeals hereby passes the following order:*

**A18A1104. WILLIAM THOMAS ELLIS v. THE STATE.**

In 2013, William Thomas Ellis was indicted for rape, aggravated sodomy, false imprisonment, kidnapping, and battery. Ellis subsequently filed a plea in bar for a constitutional speedy-trial violation, claiming that the death of two defense witnesses during the delay of the case was detrimental to his ability to mount a defense. Following a hearing, the trial court denied the plea in bar but certified its order for immediate review. Ellis filed an application for interlocutory review, which this Court granted. See Case No. A17I0035 (decided October 11, 2016). We subsequently vacated the trial court's judgment and remanded the case for the trial court to exercise its discretion based on the correct facts and law. See Case No. A17A0659 (decided October 26, 2017). On remand, the trial court once again denied Ellis's plea in bar due to an alleged constitutional speedy-trial violation. Ellis then filed the instant direct appeal. We, however, lack jurisdiction.

In *Sosniak v. State*, 292 Ga. 35, 40 (2) (734 SE2d 362) (2012), the Supreme Court ruled that an order denying a pre-trial constitutional speedy-trial motion is not directly appealable and that a defendant thus must follow the OCGA § 5-6-34 (b) interlocutory-appeal procedures to obtain immediate appellate review of such an order. See also *Stevens v. State*, 292 Ga. 218, 218-219 (734 SE2d 743) (2012).

Because Ellis failed to follow the required appellate procedure, his appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,  02/07/2018*
        *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ , *Clerk.*